UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LAROY DIGGS,<br><br>Plaintiff,<br><br>v.<br><br>KIMBERLY COLWELL, et al.,<br><br>Defendants. | Case No. 25-cv-06011-NW<br><br>**ORDER SCREENING AMENDED COMPLAINT, DISMISSING MATTER WITHOUT PREJUDICE** |

Michael LaRoy Diggs, a state detainee proceeding pro se, filed this civil rights lawsuit alleging constitutional violations several individuals. *See* ECF No. 1. The Court previously screened his Complaint and dismissed it with leave to amend so he could clarify the procedural posture of his lawsuit. *See* ECF No. 8. Diggs then filed an Amended Complaint, which is now before the Court for screening pursuant to 28 U.S.C. § 1915A(a). ECF No. 9. For the reasons stated below, the Complaint is **DISMISSED WITHOUT PREJUDICE**.

## I.    LEGAL STANDARD

Federal courts conduct a preliminary screening of cases in which prisoners seek redress from a governmental entity, an officer, or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*:  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under Section 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law.  *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under Section 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right.  *Lemire v. Cal. Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  A person deprives another of a constitutional right within the meaning of Section 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *Leer*, 844 F.2d at 633.

## II.    DISCUSSION

Diggs alleges that Benjamin Fontes and Yesenia Lott, both of whom work Alameda County Behavioral Health, the Alameda County Sheriff's Department, Alameda County District Attorney, and Alameda County "caused [him] to be taken into custody," resulting in his false arrest and imprisonment.  ECF No. 9 at 5.  He also alleges that "there [is] no reason to have [him] detained at all." *Id.* at 7.  Diggs seeks monetary damages and a "criminal liability injunction." *Id.* at 9.

As noted in the Court's prior screening order, and confirmed by clarification in the Amended Complaint that Diggs is currently "being . . . held pending a trial," Diggs' claims alleging that Defendants' actions in leading to Diggs' arrest and prosecution were unconstitutional are barred by principles of abstention. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger v. Harris*, 401 U.S. 37, 44–45 (1971)) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering . . . relief."); *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (en banc) (request for damages "would have the same practical effect on the state proceedings as the injunctive relief condemned in *Younger*").

Moreover, to the extent that Diggs seeks damages based on allegations implying that his arrest and current detention are invalid, it is well-established that he must show that the arrest, and any resulting conviction, has been invalidated before he can seek monetary damages.[1] *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (in order to challenge arrest or prosecution, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus).

As the Amended Complaint clarifies that Diggs is currently detained and awaiting trial, and he has provided no indication that his arrest has been invalidated, the claims in the Amended Complaint are **DISMISSED WITHOUT PREJUDICE** to Diggs renewing his claims after his state court proceedings conclude in his favor or if any related conviction is invalidated.

## III.    CONCLUSION

The Court orders as follows:

1.    Diggs' Amended Complaint is **DISMISSED WITHOUT PREJUDICE** to Diggs

---

[1] In addition, although federal relief is premature unless Diggs exhausts his state remedies, habeas corpus is the exclusive remedy where a prisoner seeks relief that implicates his potential release from custody. *Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("'Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus[.]'") (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)).

United States District Court
Northern District of California

pursuing his claims in the appropriate venue after his state court proceedings conclude or if any related conviction is invalidated.

2.  The Clerk is requested to send Diggs a copy of his Amended Complaint (ECF No. 9) with his copy of this order.

3.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April 22, 2026

_____
Noël Wise
United States District Judge